Nash, J.
It is claimed that the court erred in using the following words- among others in the charge to the jury: “ That if the defendant's testator, having been discharged from his liability as surety upon the note sued on in this action, with a full knowledge and understanding of his, release as surety, promised the holder or payee to pay said note, if the principal did not, he thereby revived his. liability as surety, and that such subsequent promise was binding without any new consideration to support it.” '
We think there was no error in this charge. The promise of a surety, without other consideration than the extension, to pay the note, if his principal does not, made after the creditor has arranged with the principal to extend the time of payment, but with a full knowledge of all the facts, is good. Where a surety has been discharged by the extension of time, it is a personal privilege which he may waive and this he does when with a full knowledge of the facts, he renews his promise.
Brandt on Suretyship and Guaranty, sec. 300; Fowler v. Brooks, 13 N. H., 240; Porter v. Hodenpuyl, 5 Mich., 11; Bank v. Whitman et al., 66 Ill., 331; Mayhew v. Cricketts, 2 Swanst., 185; Smith v. Winter, 4 M. & W., 454; Stevens v. Lynch, 12 East, 38.
The principle announced in the syllabus in the case of *270 Rindskopf Bros. & Co. v. Donovan et al., 28 Ohio St., 516, is applicable to this case.
The evidence embraced in this record tends to show that the extensions of time were made with the full knowledge or consent of A. L. Bramble, thé surety. It also tends to show that after the extensions were given, A. L. Bramble, with full knowledge of them, promised to pay the note if A. F. Bramble did not. If Bramble’s executrix relied upon the defense that time of payment had been extended without Bramble’s knowledge or consent, she was bound to make this appear by a preponderance of the evidence. If Ward, the creditor, admitted that the extension was given without the knowledge or consent of the surety, and relied upon the subsequent promise of the surety, to pay if the principal did not, the burden of proof was upon the creditor.
It is claimed that the judgment in the court below is against the evidence. If the jury returned their verdict upon the theory that Bramble’s executrix had failed to show that the extensions were given without the knowledge or consent of Bramble, we cannot say, after an examination of all the evidence, that this conclusion is manifestly against its weight. If the jury found the fact to be that the extensions were made without the knowledge or consent of the surety, but that Bramble afterwards, with a full knowledge of the facts, promised to pay the debt if his principal did not, this conclusion is not so manifestly against the weight of the evidence as to justify the setting aside of their verdict.

Judgment affirmed.